IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ROE, <br><br> Petitioner, <br><br> vs. <br><br> LEONARD ODDO, *in his official capacity as Warden of Moshannon Valley Processing Center et al.,,* <br><br> Respondents. | Civil Action No. 3:25-cv-128 <br> Judge Stephanie L. Haines <br> Magistrate Judge Keith A. Pesto |

## MEMORANDUM ORDER

John Roe ("Petitioner") is an individual with a final order of removal to India. He is currently detained by the Department of Homeland Security and has been in the custody of Immigration and Customs Enforcement ("ICE"), at the Moshannon Valley Processing Center since January 26, 2025.

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") on April 30, 2025, (ECF No. 1), and a Motion for Temporary Restraining Order ("TRO") on the same day (ECF No. 2) asking for immediate release from ICE custody claiming that his detention violated his due process rights and statutory and regulatory requirements. The TRO was denied but the Court scheduled a briefing for a preliminary injunction and set a hearing. (ECF Nos. 7, 12). On July 9, 2025, the Court denied Petitioner's Preliminary Injunction (ECF Nos. 22, 23). On a Motion for Reconsideration the Court granted in part to allow for discovery (ECF Nos. 33, 34). The Court's decision on the Motion for Reconsideration was appealed to the Third Circuit (ECF No. 45). In the meantime, a Response to the Petition (ECF No. 53) was filed on January 30, 2026. On March 2, 2026, after a status conference regarding protection of sensitive information, the Court allowed

Petitioner to file his Reply under provisional seal (ECF No. 60). That Reply was filed on the same day (ECF No. 58).

On March 10, 2026, Respondents filed a Status Report (ECF No. 61), informing the Court that Petitioner was released from ICE custody on March 5, 2026. On March 12, 2026, Respondents filed a Motion to Stay Order on Sealing Certain Discovery Materials or in the alternative a Motion for Extension of Time (ECF No. 62)[1] to make the designations on the protected information as set forth in the Court's Order (ECF No. 60).[2] Respondents restate that the Petitioner was released from ICE custody at Moshannon Valley Processing Center under an Order of Supervision, ECF No. 62, ¶ 6, and that Petitioner's counsel have confirmed Petitioner's release. ECF No. 62, p. 2, fn 1. Respondents assert that given the Petitioner's release, his Petition (ECF No. 1) is now moot and that there is no exigency in resolving the issue of confidentiality designation, to the extent those issues are not moot. Given that Petitioner is released, this Court finds the Petition for Writ of Habeas Corpus (ECF No. 1), which requested release is now moot and any issue pertaining to the mooted Petition, including confidential designations as they pertain to pleadings filed in support of the Petition, is also moot.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to

---

[1] Attached to this Motion is a heavily redacted Order to Release (ECF No. 62-1), which does not provide any identifying information, and a detainee search result (ECF No. 62-2), which likewise is devoid of identifying information relevant to this case.
[2] Petitioner objects to the Motion for Extension.

2

be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's release, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 13th day of March, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Stay (ECF No. 60) hereby are DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

3